LABARGA, J.,
specially concurring.
I concur in the majority opinion because I agree that the district court failed to correctly analyze the issue in the case when it applied the Faison test without first determining if the State proved all the elements of a kidnapping under section 787.01, Florida Statutes. The majority is correct that only after the evidence satisfies the statutory elements set forth in section 787.01 may the court then apply Faison’s three-part test. Moreover, when the first step in this process is analyzed, it can be seen that the only evidence offered to prove Delgado’s awareness of the presence of the child in the vehicle was the *69 testimony of Detective Roger Hernandez. The detective testified that he opened the driver’s side door and, after moving the seat over and looking through a “crease,” he could then see the child in the back seat. He noticed that the child’s eyes were puffy from crying, she had mucous running down her face, and she looked exhausted. While this proves that at some point the child cried, it does not prove when the child cried or if Delgado heard her cry. While evidence was presented that the child was asleep when the mother left her in the truck to enter the store, there was no evidence presented that the child awoke during the incident. Although the truck was found only three miles from where it was taken, up to thirty minutes had passed before it was located. Thus, Detective Hernandez’s evidence was not inconsistent with the child beginning to cry after Delgado left the scene. I therefore agree with the majority that under section 787.01(l)(a)(2), the State failed to prove that the defendant was aware of the victim’s presence — proof that is necessary in order to convict Delgado of kidnapping the child with a specific intent to commit or facilitate the commission of the underlying felony of auto theft. For these reasons, I concur with the majority’s decision to quash the decision of the Third District and remand with instructions to vacate Delgado’s conviction for kidnapping.
I write, however, to express my view that if the evidence had proven that Delgado became aware of the presence of the child at any time during the auto theft, up until the time he left the vehicle, the facts would support his conviction for kidnapping. As noted by the majority, “under section 787.01(l)(a)(2), a defendant’s awareness of the victim must arise before or during the commission of the underlying felony.” Majority op. at 63 (emphasis added). In my view, the auto theft was ongoing during the entire time that Delgado was driving the truck and while he was removing the items that he stole. Because the State failed in its proof that Delgado became aware of the child at any point during the incident, I concur in vacating the conviction for kidnapping.